### CHARLES BARTLETT vs. RALPH W. EMERSON.

Declarations as to ancient boundaries, made by a third person, since deceased, who had known the land for fifty years, but who was not in possession and had never owned it, though made upon the land, and while in the act of pointing out such boundaries, are not admissible in evidence.

ACTION OF TORT for breaking and entering a wood lot in Concord, and cutting wood.

At the trial in the court of common pleas, before *Sanger*, J., it appeared that the plaintiff and defendant were owners of adjoining lots; the plaintiff claimed title under a deed from Mary Heywood in 1844, who derived her title by mesne conveyances from Jonathan Heywood, who derived his title by deed from his father Samuel Heywood in 1746; and the defendant claimed title through mesne conveyances from Jonas Heywood,

who took in 1750 by the will of his father, said Samuel, all his land in Concord, not previously conveyed to Jonathan. It was in dispute where the boundary line between the two lots, as described in the deed of 1746, was.

The plaintiff proved that in 1843, while Mary Heywood owned the close, he with two other persons went by her direction to the house of Thomas Wyman, a woodcutter and laboring man of the age of seventy years, (who died in 1849, and who at various times for more than fifty years had worked upon the land in dispute, and had always lived within a quarter of a mile of the close, and whose house was the nearest house to the same, but who had never owned or occupied either the plaintiff's or the defendant's lot,) for the purpose of having him show the plaintiff, on the land, the boundary between said lot and that of the defendant's grantor, and communicated said Mary's request to Wyman, who then went with the plaintiff and his companions upon the land, and pointed out some marked trees, and, more particularly, a decayed stake and stones, which were covered with leaves, at a corner bound. And the plaintiff was permitted, against the defendant's objection, to prove that Wyman, while so on said land, and near to and pointing out said stake and stones, said that they were a corner bound. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*C. R. Train,* for the defendant.

*G. A. Somerby,* for the plaintiff, cited *Van Deusen* v. *Turner,* 12 Pick. 532; *Daggett* v. *Shaw,* 5 Met. 223; *Higley* v. *Bidwell,* 9 Conn. 451; *Kinney* v. *Farnsworth,* 17 Conn. 355; *Speer* v. *Coate,* 3 McCord, 227; *Blythe* v. *Sunderland,* 3 McCord, 258; *Kaufman* v. *Congregation of Cedar Springs,* 6 Binn. 59; *Boardman* v. *Reed,* 6 Pet. 341; *Redding* v. *McCubbin,* 1 Har. & McHen. 368; *Long* v. *Pellett,* 1 Har. & McHen. 531; *Harris* v. *Powell,* 2 Haywood, 349; *Beard* v. *Talbot,* Cooke, 142.

THOMAS, J. The only exception is to the admission of the declarations of Wyman as to the character of the bound or monument he pointed out. His acts in going upon the land and pointing out the monuments were admitted without objection.

The declarations were not competent evidence. Among the

Bartlett *v.* Emerson.

exceptions to the rule excluding hearsay testimony are declarations respecting ancient boundaries. In this commonwealth, the declarations of persons not living at the time of the trial, made while in possession of land owned by them, and when in the act of pointing out their boundaries, with respect to such boundaries, where nothing appears to show an interest to deceive or misrepresent, have been admitted as evidence. *Daggett* v. *Shaw*, 5 Met. 223. If a suit or controversy were then existing, as to the boundaries, between the owners of the adjoining lots, such evidence would be excluded. *Ib.*

The person, whose declarations were offered in the case at bar, was not at the time, and never had been the owner of the land; did not then or ever claim to be the owner; was not, and never had been in the possession of the estate, as tenant or otherwise. He does not therefore come within the rule of any case settled in this commonwealth. In the case of *Van Deusen* v. *Turner*, 12 Pick. 532, the person whose declaration was admitted had before been the owner of the land, though in right of his wife. The case at bar therefore does not fall within it. The decision in the case of *Van Deusen* v. *Turner* was a departure from principle, and the case has been regarded by the court and the profession as wrongly decided.

Under the changes in the law of evidence, by which all persons interested, and all parties even, have become competent witnesses, there is no occasion to extend the exceptions to the rule which requires for testimony the sanction of the oath of him upon whose credit the fact rests, and the salutary test of cross-examination. See the recent case of *Papendick* v. *Bridgewater*, 5 El. & Bl. 176.                    *Exceptions sustained.*